PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## (Supersedes Petition Filed as Docket Entry No. 273)

Name of Offender: <u>Melissa Faye Dempsey</u>          Case Number: <u>3:12-00137-03</u>

Name of Sentencing Judicial Officer: <u>The Honorable Kevin H. Sharp, Chief U.S. District Judge</u>

Date of Original Sentence: <u>October 21, 2013</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) Possession with Intent to Distribute and Distribution of Oxycodone and Oxymorphone</u>

Original Sentence: <u>7 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>          Date Supervision Commenced: <u>November 10, 2014</u>

Assistant U.S. Attorney: <u>Brent Hannafan</u>          Defense Attorney: <u>G. Kerry Haymaker</u>

## PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant.
**X** To consider Additional Violations/Information

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this 28th day of May, 2015,
and made a part of the records in the above case.

_____
Kevin H. Sharp
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Abigail Dillingham
U.S. Probation Officer

Place          Nashville, TN

Date          May 27, 2015

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket No. 273, has been amended as follows:**

> **Violation No. 1 - has been amended to reflect a new positive drug test.**
>
> **Violation No. 2 - has been amended to reflect updated treatment information.**
>
> **Violation No. 4 - has been added to reflect a new violation.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| **1.** | **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.** |

On March 2, 2015, Mrs. Dempsey tested positive for morphine. She does not have a current prescription for morphine.

On March 17, 2015, Mrs. Dempsey tested positive for morphine and methamphetamine. She does not have a current prescription for morphine. The offender denied use of both substances.

**On March 25, 2015, Mrs. Dempsey tested positive for Hydrocodone. Mrs. Dempsey reported that the positive test was due to her prescription for Oxycodone; however, Mrs. Dempsey did not test positive for Oxycodone, and she does not have a valid prescription for Hydrocodone.**

**2.**     **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer. The defendant shall pay all or part of the cost for substance abuse treatment if the probation officer determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

Mrs. Dempsey failed to report for random drug testing on the following occasions:

January 5, 2015
February 27, 2015
March 4, 2015
**April 23, 2015**

Following her missed drug test on January 5, 2015, Mrs. Dempsey was contacted and instructed to report January 6, 2015. She failed to report. On January 7, 2015, this officer conducted a home contact at Mrs. Dempsey's residence and administered a drug test, which was negative for illegal drug use. On the afternoon of February 27, 2015, this officer left Mrs. Dempsey a voicemail reminding her that she had a drug test scheduled for that day and needed to report by 5:00 p.m. On March 2, 2015, a subsequent voicemail was left instructing Mrs. Dempsey to report in for a drug test. She

reported later that day, and her drug test was negative. On March 6, 2015, this officer attempted to contact the offender concerning her missed drug test on March 4, 2015. However, the last number provided for Mrs. Dempsey has been disconnected.

On November 12, 2014, Mrs. Dempsey was referred to the Guidance Center for a mental health and substance abuse assessment. Mrs. Dempsey failed to report for treatment on the following occasions:

| | |
|---|---|
| November 20, 2014 | March 12, 2015 |
| December 3, 2014 | **April 7, 2015** |
| December 9, 2014 | **April 27, 2015** |
| January 15, 2015 | **April 30, 2015** |
| January 29, 2015 | **May 14, 2015** |
| February 27, 2015 | |

**Since being referred to the Guidance Center, Mrs. Dempsey has attended treatment on seven occasions, including one medication management appointment.** On March 26, 2015, it was recommended that Mrs. Dempsey's treatment be increased to weekly treatment sessions.

**3.**     **The defendant shall pay the total criminal monetary penalty of $100 (special assessment) due immediately.**

Mrs. Dempsey has failed to make a payment towards her $100 special assessment.

**4.**     **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

**On May 26, 2015, Mrs. Dempsey reported she quit her last known employment at Classy Taxi in April 2015. Mrs. Dempsey quit without another job arranged.**

**Compliance with Supervision Conditions and Prior Interventions:**
Mrs. Melissa Dempsey began her term of supervised release on November 10, 2014, and is scheduled to complete her term on November 9, 2017. **She is unemployed and currently resides in Murfreesboro, Tennessee, with her husband.**

**Update of Offender Characteristics:**
A summons was issued for Mrs. Dempsey on March 10, 2015. On March 13, 2015, Mrs. Dempsey was served with the summons at her residence in Murfreesboro, Tennessee. The offender made an initial appearance on March 25, 2015, and she was released on the same conditions of supervised release as previously imposed.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that the aforementioned violations and information be considered at Mrs. Dempsey's upcoming revocation hearing scheduled for June 15, 2015. This matter has been reported to the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MELISSA FAYE DEMPSEY, CASE NO. 3:12-00137-03

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 3-9 months U.S.S.G. § 7B1.4(a) | 120-180 days at the RRC |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | As previously ordered |

18 U.S. C. § 3583(g)(3) If the defendant refuses to comply with drug testing imposed as a condition of supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

_____
Abigail Dillingham
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   <u>Melissa Faye Dempsey</u>

2. Docket Number (Year-Sequence-Defendant No.)   <u>3:12-00137-03</u>

3. District/Office   <u>Middle District of Tennessee</u>

4. Original Sentence Date   <u>October 21, 2013</u>
   *month day year*

(if different than above):

5. Original District/Office   <u>Same as above</u>

6. Original Docket Number (Year-Sequence-Defendant No.)   <u>Same as above</u>

7. List each violation and determine the applicable grade (<u>see</u> §7B1.1):

| Violation(s) | Grade |
|---|---|
| Use of Controlled Substance | C |
| Failure to submit to drug testing/treatment | C |
| Failure to pay special assessment | C |
| Failure to notify officer 10 days before change in employment | C |

8. Most Serious Grade of Violation (<u>see</u> §7B1.1(b))   | C |

9. Criminal History Category (<u>see</u> §7B1.4(a))   | I |

10. Range of Imprisonment (<u>see</u> §7B1.4(a))   | 3-9 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   ■  (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f)

Defendant: <u>Melissa Faye Dempsey</u>

12. Unsatisfied Conditions of Original Sentence

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

    | | |
    |---|---|
    | Restitution($): <u>0</u> | Community Confinement: <u>0</u> |
    | SA($): <u>$100</u> | Home Detention: <u>0</u> |
    | Other: <u>0</u> | Intermittent Confinement: <u>0</u> |

13. Supervised Release

    If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

    Term: _____

    The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

    Period of supervised release to be served following release from imprisonment:_____

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennysivania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90