# United States District Court

|  MIDDLE  | District of |  TENNESSEE  |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | **(*REVOCATION OF SUPERVISED RELEASE*)** |
| | Case Number: 3:12-00137-3 |
| MELISSA FAYE DEMPSEY | USM Number: 21212-075 |
| | G. Kerry Haymaker |
| | Defendant's Attorney |

**THE DEFENDANT:**

　X　　Admitted to violating the following conditions of supervised release:

**The defendant is adjudicated guilty of these violations:**

1. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use or distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substance, except as prescribed by a physician. (Defendant tested positive for morphine on March 2, 2015, and March 17, 2015. Defendant tested positive for hydrocodone on March 25, 2015.)

2. The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day impatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer. The defendant shall pay all or part of the costs for substance abuse treatment if the probation officer determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment. (Defendant has failed to report for random drug testing on numerous dates in 2014 and 2015).

3. The defendant shall pay the total criminal penalty of $100 (special assessment).( Defendant has failed to a make a payment towards her $100 special assessment.)

4. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. (Defendant quit her last known employment in April 2015 without having arranged for another job)

The defendant is sentenced as provided in pages 2 through 　4　 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

　　　　The defendant has been found not guilty on count(s) 　　　　　　
　　　　Count(s) 　　　　　　 are dismissed on motion of the United States.

　　It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in economic circumstances.

August 17, 2015
Date of Imposition of Judgment

*/s/ Kevin H. Sharp*
Signature of Judge

Kevin H. Sharp, United States District Judge
Name and Title of Judge

September 9, 2015
Date

DEFENDANT: MELISSA FAYE DEMPSEY
CASE NUMBER: 3:12-00137-3

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 4 months.**

| | |
|---|---|
| _____ | The court makes the following recommendations to the Bureau of Prisons: |
| __X__ | The defendant is remanded to the custody of the United States Marshal. |
| _____ | The defendant shall surrender to the United States Marshal for this district: |
| | _____ at _____ _____ a.m. _____ p.m. on _____ |
| | _____ as notified by the United States Marshal. |
| _____ | The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: |
| | _____ before 2 p.m. on _____. |
| | _____ as notified by the United States Marshal. |
| | _____ as notified by the Probation or Pretrial Services Office. |

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on the remaining term of her supervised release.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

|   |   |
|---|---|
| ☐ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| X | The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.) |
| X | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.) |
| ☐ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| ☐ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable.) |

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as the additional Special Conditions of Supervision on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MELISSA FAYE DEMPSEY
CASE NUMBER: 3:12-00137-3

# SUPERVISED RELEASE

# SPECIAL CONDITIONS

1. The Defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the Probation Officer. The Defendant shall pay all or part of the cost for substance abuse treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

2. The Defendant shall participate in a mental health program as directed by the United States Probation Office. The Defendant shall pay all or part of the cost for the mental health treatment if the United States Probation Office determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

3. The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

4. The Defendant shall promptly advise the United States Probation Office of the name and contact information for any physician who prescribes any controlled substance and agrees to execute a release of information form so that medical records may be obtained from such physician.

5. The Defendant shall promptly advise the United States Probation Office of any pharmacy that dispenses controlled substances on behalf of the Defendant and agrees to execute a release of information form so that medical records may be obtained from such pharmacy

6. The Defendant shall be required to participate in an adult education program and prove consistent effort, as determined appropriate by the United States Probation Office, toward obtaining a General Equivalency Diploma (GED).

7. The Defendant is prohibited from owning, carrying or possessing firearms, ammunition, destructive devices or other dangerous weapons.

8. The Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.